UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT VAUGHN LLOYD                                                                          APPELLANT

v.                                                                          CIVIL ACTION NO. 3:09CV-848-S
                                                                            BANKR. ACTION NO. 08-33673

PRANJA GROUP, INC., d/b/a LIBERTY
MORTGAGE FUNDING                                                                              APPELLEE

## MEMORANDUM OPINION AND ORDER

      This matter is on appeal from an order of summary judgment entered by the United States Bankruptcy Court for the Western District of Kentucky. The appellee, John R. Wilson, Trustee for the Estate of Pranja Group, Inc., d/b/a Liberty Mortgage Funding, has moved to dismiss the appeal for failure to comply with Fed.R.Bankr.P. 8001(a) which states, in part:

> The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee.

The Trustee contends that dismissal is mandated as neither the Trustee nor Texas Capital Bank was specifically named in the Notice of Appeal.

      As stated in *Vergos v. Uncle Bud's, Inc.*, 1998 WL 652542, *2 (M.D.Tenn. Aug. 17, 1998), "[a]lthough the Rule [8001(a)] states that the notice of appeal shall contain the names of all parties to the order, it is clear that the failure to include all parties does not affect the validity of the appeal unless it somehow relates to the timely filing of the notice of appeal. Accordingly, courts have found that the failure to specifically name the *appealing party* violates the time limits for filing a notice of appeal and thus deprives the court of jurisdiction over the unnamed appellant. [citations omitted]." Noting the similarities between Fed.R.Bankr.P. 8001(a) and Fed.R.App.P. 3(c), the court in *Vergos* cited and relied upon *Felts v. Campbell*, 134 F.3d 371, 1998 WL 13403 (6th Cir. Jan. 7,

- 2 -

1998), in which the United States Court of Appeals for the Sixth Circuit held that an appellate court does not lack jurisdiction where the notice of appeal fails to name a party as an appellee. We find *Vergos* and the authority cited therein to be dispositive of the question before this court. The failure of Appellant Robert Vaughn Lloyd to name the Trustee and Texas Capital Bank did not divest this court of jurisdiction over the appeal. Therefore, the motion of the appellee, Trustee John R. Wilson, to dismiss the appeal (DN 4) is **DENIED.**

**IT IS SO ORDERED.**

January 19, 2010

**Charles R. Simpson III, Judge
United States District Court**